460 So.2d 34 (1984)
GENERAL ELECTRIC COMPANY, INC.
v.
LOUISIANA ELECTRICAL SUPPLY COMPANY, INC.
No. CA 83 1234.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
*35 John L. Feduccia, Hammond, for plaintiff-appellant.
Gordon Matheny, Hammond, for defendant-appellee.
Before WATKINS, CRAIN and ALFORD, JJ.
WATKINS, Judge.
This is an action on an open account brought by General Electric Company, Inc. (G.E.) against a distributor, Louisiana Electrical Supply Company, Inc. (LESCO). Of the balance allegedly due on account ($13,913.55), LESCO in answer stated that it had paid part, leaving only a disputed amount as to which LESCO contends it is entitled to a rebate, leaving a zero balance due. The testimony as to the claimed rebate is totally in conflict, the trial court having held that the right to be entitled to the rebate had been fully proven by LESCO, so that no remaining balance was due G.E. The trial court therefore dismissed plaintiff's suit, and G.E. has appealed. We affirm.
In proving an open account, plaintiff first must prove the account by showing that it was kept in the course of business and by introducing supporting testimony as to its accuracy. Once a prima facie case has been established by a plaintiff-creditor, the burden shifts to the debtor to prove the inaccuracy of the account or to prove that the debtor is entitled to certain credits. Cardinal Wholesale Supply, Inc. v. Rainbow Floor Covering, 432 So.2d 419 (La.App. 1st Cir.1983).
In the present case, G.E. established a prima facie case. LESCO then attempted by testimony to prove that it was entitled to a rebate of 15% on certain items, and G.E. attempted to show the rebate should not be allowed. The trial court in its reasons *36 for judgment indicated that it believed defendant's witnesses. Thus, we must conclude that it disbelieved plaintiff's witnesses, as the testimony on either side was directly in conflict.
Briefly, the witnesses for LESCO were Mrs. Joanne Grimes and Henry Rayborn, both of whom testified that two G.E. representatives in succession, Richard Jarrett and Don Edwards, had promised a rebate of 15% on certain items in conversations with Mrs. Grimes and Rayborn. They denied that either Jarrett or Edwards had ever spoken to Mrs. Grimes' husband, and stated that Jarrett and Edwards had both promised to deliver to LESCO the necessary rebate forms, but they neglected to do so for many months. Jarrett, Edwards, and Richard Johnson, G.E.'s district manager, all testified that the correct rebate percentage was 5.7%, not 15%, and that it was offered only in case of resale by the distributor to certain designated contractors, with whom G.E. desired to place the distributor on a competitive basis with the distributors for other manufacturers of certain electrical equipment. Jarrett and Edwards, neither of whom now works for G.E., also stated that they had talked to Donald Grimes, Mrs. Joanne Grimes' husband, and to another LESCO employee, David McBride, rather than to Mrs. Grimes and Rayborn, and that LESCO had failed to complete the necessary rebate forms, which had been promptly supplied.
There was thus a direct contradiction in the testimony, which the trial court resolved in favor of defendant LESCO. When the testimony is in conflict the reviewing court must give great weight to the factual conclusions of the trier of fact, although the reviewing court may feel its own evaluations and inferences are as reasonable, in the absence of manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973). Here, the trial court obviously believed the testimony of the witnesses for LESCO, Mrs. Joanne Grimes and Henry Rayborn. In its analysis of the testimony, we can find no manifest error, as the testimony of LESCO's witnesses was consistent within itself and completely contradictory to that of G.E.'s witnesses.
G.E. contends the testimony of the LESCO witnesses was in the nature of parol evidence and was used to vary the terms of a written contract between G.E. and LESCO dated "8-23-80". However, the business dealings between G.E. and LESCO were rather informal and as a result the contract instrument, a business form in which blanks were filled in, is of uncertain meaning. Where the terms of a written contract are susceptible of more than one interpretation, or there is uncertainty or ambiguity as to its provisions, and the intent of the parties cannot be ascertained from the language employed, parol evidence is admissible to clarify the ambiguity and to show the intention of the parties. Dixie Campers, Inc. v. Vesely Company, 398 So.2d 1087 (La.1981). Thus, parol was properly used.
The judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.