GARRISON, Judge.
Plaintiff, Universal Health Services, Inc. d/b/a Chalmette General Hospital, filed suit on an open account against defendants, Candido and Carol Lopez, for the unpaid balance on defendants’ account for medical services. Plaintiff alleged that defendants were indebted to plaintiff for the unpaid account balance of $4,365.90 plus legal interest from the date of judicial demand until paid, attorney’s fees and costs. Defendants answered plaintiff’s petition and alleged as an affirmative defense that the fees sought by plaintiff in connection with a cardiac catheterization procedure (also known as an angiogram) were excessive and above the standard fees charged by other health care providers in the New Orleans metropolitan area for this procedure.
Following trial on the merits, the trial judge rendered judgment in favor of the plaintiff and against the defendants for $228.87 plus legal interest from the date of judicial demand until paid, attorney’s fees of $57.22 and all costs of the proceedings. The trial judge also denied a motion for directed verdict made by the defendants on the issue of attorney’s fees. Both plaintiff and defendants appealed the trial court judgment.
In his reasons for judgment, the trial judge noted that, of the total charges stemming from Candido Lopez’s hospitalization in 1987, the plaintiff alleges that $4,365.90 remains unpaid. The trial judge further stated that the major dispute as to defendants’ unpaid balance concerns a charge of $4,037.03 for services relating to the cardiac catheterization procedure performed on Candido Lopez at Methodist Hospital but billed through Chalmette General Hospital.
After hearing testimony and reviewing the exhibits in this case, the trial judge concluded that the plaintiff failed to carry its burden of substantiating the charge for the services performed in connection with the cardiac catheterization. Because the evidence only established the total charge *1081 for the procedure and the fact that this procedure was performed on June 1, 1987 and did not show any itemization or value of the services performed, the trial judge found that the plaintiff did not adequately prove that it was entitled to be paid the $4,037.03 charge. However, the trial judge did find that plaintiff sufficiently proved the remainder of the defendants’ assessed charges and, accordingly, awarded plaintiff the amount of $228.87 and attorney’s fees of $57.22 representing 25% of the defendants’ unpaid balance awarded to plaintiff.
On appeal, the plaintiff/appellant argues that the trial court erred in finding that it did not adequately prove the charges for the cardiac catheterization procedure performed on Candido Lopez. Plaintiff contends that it carried its burden of proof by introducing into evidence the hospital statements issued to defendants which listed the total charge for the cardiac catheterization, pursuant to the Business Records Doctrine, L.C.E. art. 803(6). Plaintiff also notes that it introduced into evidence a detailed written explanation by Candido Lopez’s physician of the cardiac catheterization procedure.
However, as stated by the trial judge, the plaintiff did not offer any itemization of these charges so as to prove the value of the services performed. Defendant Candi-do Lopez testified that he requested that the plaintiff provide him with an itemization of these charges but that information was never provided to him. Furthermore, as the trial judge stated, it would not have been an excessive burden for the plaintiff to have introduced at trial an itemization of the charges challenged by defendants. Because plaintiff, merely relied on the introduction of the hospital statements showing the total charge for the cardiac catheterization procedure and an explanation of the procedure by Candido Lopez’s physician, the trial judge correctly held that plaintiff failed to carry its burden of proof as to the charges for the cardiac catheterization.
In order to sustain an action on open account a plaintiff-creditor bears the burden of proving his demand by a preponderance of the evidence. Introduction of hospital records demonstrating the existence and accuracy of the account pursuant to L.C.E. art. 803(6), the business records exception to the hearsay rule, would ordinarily be sufficient to establish a prima facie case and would shift the burden of proof to the defendant to disprove the existence or correctness of the account. In the instant case, plaintiff proved performance of services, but failed to establish the value of the services performed and thus failed to carry its burden of proof.
Defendants argue on appeal that the trial court erred in awarding attorney’s fees to plaintiff because plaintiff allegedly did not comply with the requirements of LSA-R.S. 9:2781 relative to the awarding of attorney’s fees in suits on an open account. According to defendants, plaintiff’s failure to introduce into evidence a demand letter correctly setting forth the amount owed and supporting invoices constitutes non-compliance with the requirements of LSA-R.S. 9:2781.
The exhibits in this case include a letter dated June 9, 1987 from the plaintiff to the defendants stating the estimated balance of the defendants’ account and informing them that arrangements for payment needed to be made. No invoice was attached to that lettef. As stated in Irwin Brown Company v. Morton’s Auction Exchange, Inc., 446 So.2d 403 (La.App. 4th Cir.1984), a party claiming attorney’s fees under LSA-R.S. 9:2781 must furnish a written demand correctly setting forth the amount owed and a copy of the invoices in support thereof, and unless the amount demanded is correct, attorney’s fees are not due.
A letter listing only an estimated patient balance with no supporting invoices clearly does not satisfy the requirements of LSA-R.S. 9:2781. Therefore, the trial judge erred in awarding attorney’s fees to the plaintiff in this ease.
Accordingly, the trial court judgment is hereby amended to eliminate the portion awarding attorney’s fees to the plaintiff. In all other respects, the trial court judgment is affirmed.
AMENDED AND AFFIRMED.