870 So.2d 1080 (2004)
SEARS, ROEBUCK AND CO.
v.
Patricia DENNIES.
Nos. 03-CA-1160, 03-CA-1161.
Court of Appeal of Louisiana, Fifth Circuit.
March 30, 2004.
Geoffrey H. Longenecker, Covington, LA, Frans J. Labranche, Jr., Mandeville, LA, for Defendant-Appellant, Patricia Dennies (Appearing Pro Bono Publico).
*1081 Gregory M. Eaton, Bartley P. Bourgeois, Baton Rouge, LA, for Plaintiff-Appellee, Sears, Roebuck and Co.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY, and WALTER J. ROTHSCHILD.
SUSAN M. CHEHARDY, Judge.
These are two consolidated suits on open account by Sears, Roebuck and Company against Patricia Dennies. Dennies appeals a judgment against her in the amount of $10,020.07, plus legal interest, costs and attorney fees in the amount of 20% of all principal and interest due. We affirm.
The first suit (No. 03-CA-1160 on the docket of this Court, No. 51,713 in the district court) was filed on June 22, 1999. The petition alleged that Dennies was indebted to Sears in the amount of $4,723.78 on account number XX-XXXXX-XXXXX-X, with 6.73% interest accrued from May 10, 1999.
In the second suit (No. 03-CA-1161 in this Court, No. 51,801 in the district court), filed on July 9, 1999, the petition alleged Dennies was indebted to Sears in the amount of $5,296.29 on account number XX-XXXXX-XXXXX-X, with 6.73% interest accrued from May 21, 1999. Both petitions alleged defendant was liable for attorney fees in the amount of 25% of the total of both principal and interest, and for all costs.
Plaintiff filed requests for admissions with both petitions. Defendant timely answered with general denials and also denied the requested admissions. Thereafter the parties engaged in lengthy pretrial proceedings, including the filing of discovery requests, exceptions and motions, which have resulted in a voluminous record. The district court denied the motions for summary judgment and exceptions and eventually the matter went to trial.

EVIDENCE
The only witness for Sears was Martha Clayton, an employee of Sears' legal management center in North Carolina, whose testimony was submitted via deposition for purposes of establishing that the records on which Sears relied were business records. Clayton testified to the usual business practices of the plaintiff, in which customers' purchases and payments are entered electronically into the company's computer records at the point of sale or time of payment.
Clayton testified that the account records produced in connection with her deposition showed that Account No. XX-XXXXX-XXXXX-X was opened on May 1, 1993 and was a regular Sears revolving charge account. Account No. XX-XXXXX-XXXXX-X was opened on September 1, 1996 and was a Sears Plus charge account, used mostly for big-ticket items. She was unsure whether the two accounts had the same terms. (For convenience, hereafter we refer to the accounts respectively as the Regular Account and the Plus Account.)
Clayton did not have copies of the original application agreement forms showing defendant's signature. However, she produced an account agreement she said was basically the same as that which defendant would have received when the accounts were opened. The sample agreement in evidence provides for an annual interest rate of 21% on the unpaid balance and a 25% attorney fee.
Clayton said her records reflected that the unpaid balances on the accounts were $4,723.79 on the Regular Account and $5,296.29 on the Plus Account. The Regular Account was closed on September 23, 1999 and the Plus Account was closed on May 31, 1999 because both accounts were written off by Sears.
*1082 Clayton's record did not indicate that defendant ever disputed any of the charges shown on the statements, although the back of every monthly statement sent to a customer bears instructions on how to contest disputed charges.
Clayton admitted that some of the individual sales slips submitted in support of the itemized listings were duplicative of other sales slips included in the exhibits. She also admitted that some older sales slips are no longer available, because the sales slips are kept for a limited time, particularly if the charges have not been disputed. She was unable to explain why some of the sales slips bore no signature of defendant, although most of them did bear defendant's signature. She stated there were no sales slips in the exhibit relating to the Plus Account.
Clayton admitted that the exhibits submitted with her deposition were given to her by counsel for Sears and that she first saw the records on defendant's account several weeks prior to her first deposition, when she received them from Sears' attorney. She was not personally familiar with defendant's account and she herself had not accessed defendant's account or produced the computer printouts that were placed in evidence. She admitted that interest rates and late fees can vary from account to account.
The only witness for Patricia Dennies was defendant herself. Defendant testified she is a 62-year-old widow, that her husband died in 1996, and her only income is a widow's Social Security benefits. She admitted she did business with Sears during her marriage. She denied that she ever signed a contract with Sears or filled out an application. She said that Sears just sent her a credit card in the mail for her first account.
Defendant said the second account, the Plus account, was opened when she went to Sears the day before her husband's funeral to buy things needed for the funeral. She said the salesperson told her she qualified for a card. She told the salesperson she didn't want it, but she later received one in the mail anyway. According to defendant, it was a special account just for the purchase of large items over $100.
Defendant admitted using the Plus account to purchase a computer that cost between $2,000 and $3,000, She denied purchasing items shown on some of the sales slips introduced by plaintiff, specifically a mechanical tool set, a bench, a bracelet, a scooter, a maintenance agreement, a screwdriver, a bikini, a handbag, Polo shorts and pants, repairs Department 98, stirrups, shoe care, three shirts, and photography service. She admitted, however, that she received a monthly statement from Sears and that she never disputed any of the items. She said the listings were in codes that she didn't understand; they meant nothing to her. She paid whatever minimum monthly payment was listed on the statement and would pay more when she could.
Defendant admitted that she made purchases using both accounts. She said she never disputed any of the statements because after her husband died, "it was like [her] head was not attached to [her] body." She went through severe grief, loneliness and fear, and her decisions were not made rationally. She said she "just tried to function every day" as best she could; she didn't pay attention to anything except the part of the bill that said "amount due," and that is what she paid. It didn't enter her head to dispute the bill.
The trial court took the matter under advisement and ultimately rendered judgment in favor of Sears and against Dennies, finding Dennies liable in the amount *1083 of $10,020.77, with legal interest from the date of judicial demand, for all costs, and for attorney's fees in the amount of 20% of all principal and interest due.
In written Reasons For Judgment, the trial judge found that plaintiff carried its burden of proof to establish that defendant had an open account with plaintiff and also carried its burden of establishing a prima facie case of the accuracy of defendant's open account. The court relied on plaintiff's introduction of a facsimile of the credit card agreement, plus testimony by Sears employee Martha Clayton that the original credit application was either lost or destroyed and that the agreement was consistent with the facsimile. The court found Clayton's testimony, together with defendant's admission in her original answer to the existence of the accounts and her use of the cards, was sufficient to meet plaintiff's burden of proof to establish that defendant had an open account.
The court further found that plaintiff had met its burden of establishing a prima facie case of the accuracy of defendant's open account, by virtue of the testimony of Martha Clayton, because she was qualified to identify Sears' business records as such, although she did not have personal knowledge of the account. The court held that defendant failed to rebut the prima facie case established by plaintiff because defendant produced no documented evidence to controvert the accuracy of the accounts and defendant never contested any of the charges shown on her statements prior to the filing of these suits. The court stated,
The credible testimony offered by plaintiff must prevail over the unsupported, self-serving testimony of the defendant. Nor do I find that defendant has presented any evidence that would put into serious question the accuracy of the account such that plaintiff should be required to produce signed individual sales receipts for each transaction.
On appeal, Dennies contends the trial court erred in finding that Sears established any claim on its contract or on open account in either of the cases. Specifically, Dennies asserts (1) that Sears failed to offer any evidence whatsoever relative to indebtedness under one of the accounts and (2) that the evidence as to indebtedness on the other account was insufficient; (3) that Dennies' testimony that many of the alleged charges were incorrect established that Sears' records were unreliable and, thus, the burden was shifted back to Sears to establish the correctness of its account; (4) that the interest rate and late charges are usurious; (5) that Dennies established payment in full of all lawful charges; and (6) that Sears is not entitled to recover attorney's fees absent production of a written contract between the parties.

LAW AND ANALYSIS
Proof of Account and Amount Due
La.R.S. 9:2781 sets out procedures for suits on open account. It provides:
A. When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Citation and service of a petition shall be deemed written demand for the purpose of this Section. If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant. Receipt *1084 of written demand by the person is not required.
* * *
D. For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916, "open account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions.... [Emphasis added.]
E. As used in this Section, "person" means natural and juridical persons.
The court of appeal may not set aside the trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Furthermore, "where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong." Stobart v. State, 617 So.2d 880, 882-883 (La.1993). See Brightway Services, Inc. v. Chun, 03-281, p. 5 (La.App. 5 Cir. 6/19/03), 850 So.2d 864, 866.
We find no error in the trial court's conclusion that defendant had accounts with plaintiff, considering defendant's admission that she made charges on both the accounts. The definition of open account contained in the current version of La.R.S. 9:2781 is broader than that formerly defined in the jurisprudence.[1] These accounts clearly fit within the statutory definition.
We find no merit to defendant's contention that she established payment in full of all lawful charges. Defendant produced no cancelled checks or payment receipts; further, she admitted that she ceased making payments on the accounts when she could no longer afford to make the minimum payments. There was no proof that she paid the accounts in full, even considering her claim that she did not make some of the purchases included in the accounts balances.
The question is whether plaintiff properly proved that defendant owed the amounts claimed on each accountthat is, whether the evidence submitted by plaintiff was sufficient to prove the amount awarded.
The witness laying the foundation for admissibility of business records need not have been the preparer of the records. The person who keeps the books and records and makes the entries need not testify if a person who is in a position to attest to the authenticity of the records is present to testify.... Nothing in the Code of Evidence specifically requires either that the foundation witness be able to personally attest to the accuracy of the information contained in the documents. Indeed, Article 803 specifically eliminates these requirements.
Western Am. Spec. Transp. Servs., Inc. v. Chibberton, 97-102 (La.App. 5 Cir. 5/28/97), 695 So.2d 1059, 1062.
In proving a claim on open account, the plaintiff creditor must first prove the account by showing that the record of the account was kept in the course of business and by introducing supporting testimony regarding its accuracy. Once a prima facie case has been established, the burden shifts to the debtor to prove *1085 the inaccuracy of the account or to prove that the debtor is entitled to certain credits.
National Gypsum Co. v. Ace Wholesale, Inc., 96-215, pp. 5-6 (La.App. 5 Cir. 11/26/96), 685 So.2d 306, 308-309, writ denied, 96-3055 (La.2/7/97), 688 So.2d 502.
Plaintiff established its business records practice by the testimony of Martha Clayton, who testified that the records were those kept in the regular course of Sears' business and explained the method by which purchases and payments were recorded. Clayton stated although that no copy of the original credit application or contract was found, the agreement placed in evidence reflected the terms in effect on defendant's accounts.
Although defendant challenges the validity of the facsimile agreement as applicable to her accounts, the trial court accepted it as sufficient proof of the terms of the account. Considering that defendant was unable to rebut plaintiff's evidence, the trial court did not err in finding that the plaintiff sufficiently proved the existence of the account, the terms of the account, and that the purchase and payment entries shown on the monthly summaries were made in the usual course of business.
Further, the requirement that a copy of invoices in support of the amount set forth in a written demand be sent along with the demand was deleted from the provisions of La.R.S. 9:2781 by a 1987 amendment. Sears, Roebuck and Co. v. Richardson, 32,951, pp. 4-5 (La.App. 2 Cir. 4/5/00), 759 So.2d 190, 192.
Defendant never disputed any of the charges prior to being sued for nonpayment of the account. At trial she produced none of her own paperwork on the account, neither her statements nor cancelled checks and/or payment receipts. Like the trial judge, we find her testimony contesting certain items listed is self-serving. Pursuant to the manifest error rule, we find no basis on which to reverse the trial court's credibility determination against her.
Interest Rate
The trial court disallowed defendant's amended answer raising the affirmative defense of usurious interest rate. Accordingly, that issue is not before us on this appeal.
Attorney Fees
La.R.S. 9:2781 provides:
A. When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Citation and service of a petition shall be deemed written demand for the purpose of this Section. If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant.
Hence, contrary to defendant's argument, plaintiff was not required to establish that defendant signed an agreement to pay attorney's fees. Under La.R.S. 9:2781, all that was required was that plaintiff prove it made a demand on defendant that correctly set forth the amount owed. See Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc., 449 So.2d 1014, 1016 (La.1984).
The petition suffices as that demand. The trial court found that the amount plaintiff demanded in the two petitions was the amount due ($4,723.78 + $5,296.29 = *1086 $10,020.07). Hence, the court did not err in awarding attorney's fees.
The real issue, however, was whether the court erred in the amount awarded. The statute provides the court may award "reasonable" attorney fees. The court awarded fees of 20% of the principal and interest due. Twenty percent of the principal would $2,004.01; we need not determine the amount of interest that would be due, but clearly that amount will be far less than the principal and, thus, 20% of it would be significantly less than 20% of the principal. The record before us establishes that the suit was vigorously contested by defendant, that the litigation took approximately three-and-one-half years to conclude, and that the pleadings filed by the parties make up a five-volume record.
Considering the complexity of the case, we do not find the court's award of 20% of the $10,020.07 principal and of the interest due thereon unreasonable. Accordingly, we find no basis to disturb that ruling.
For the foregoing reasons, the judgment of the district court is affirmed. Costs of this appeal are assessed against the defendant-appellant, Patricia Dennies.
AFFIRMED.
NOTES
[1] A commonly-used analysis has been that to treat a matter as an open account certain factors must be considered, including whether there were other business transactions between the parties; whether a line of credit was extended by one party to the other; whether there are running or current dealings; whether there are expectations of other dealings. See Paddison Builders, Inc. v. Newpark Square One Condominium Ass'n, 03-144 (La.App. 5 Cir. 6/3/03), 848 So.2d 750, 753.