# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2014

Lyle W. Cayce
Clerk

No. 13-30673
Summary Calendar

CHARLES E. MARSALA,

Plaintiff - Appellant

v.

JERRY L. MAYO,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-3846

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

This is an appeal of the district court's denial of Appellant's motion for relief from a "final judgment, order, or proceeding" under Rule 60(b) of the Federal Rules of Civil Procedure.

On December 18, 2007, the district court granted Appellant's voluntary motion to dismiss all of Appellant's claims against Appellee. Pursuant to the terms of Appellant's voluntary motion, the district court's order explicitly "reserv[ed] [Appellant]'s right to reopen the case against [Appellee] in the

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30673

event it is discovered that the sworn financial statement dated December 6, 2007, and offered by [Appellee] is found to be inaccurate or there has been an unlawful transfer of assets during the course of this action."

More than five years later, Appellant asked the district court to re-open his case.[1]  In its order of June 12, 2013, the district court concluded that Appellant's motion was, *inter alia*, untimely.  As the district court explained, an order granting a voluntary motion to dismiss may be vacated under Rule 60(b) of the Federal Rules of Civil Procedure.[2]  "The decision to grant or deny 60(b) relief lies in the sound discretion of the district court and will be reversed only for an abuse of that discretion."[3]  Where a motion under Rule 60(b) is based on "mistake," "excusable neglect," "newly discovered evidence," "fraud," "misrepresentation," or "misconduct," then Rule 60(c) requires that the motion be made "no more than a year after the entry of the judgment or order or the date of the proceeding."[4]  As the district court reasoned, however, Appellant's motion was made five years after the voluntary dismissal of all his claims against Appellee and was therefore untimely under Rule 60(c).

We agree.  Accordingly, without addressing any of the other grounds for the district court's decision, this court now finds that the district court did not abuse its discretion by denying Appellant's motion on the basis of untimeliness.

AFFIRMED.

---

[1] Originally, this case also involved two other defendants in addition to Appellee, Mr. Jay T. Lanners and Profitable Dining, LLC, who had a separate settlement agreement with Appellant.  As to those defendants, the district court denied Appellant's motion on a separate basis upon finding under Rule 60(d)(3) that no "fraud on the court" had been committed by Lanners.  However, we granted Appellant's voluntary motion to dismiss his appeal as to Lanners and Profitable Dining on July 8, 2013.  We therefore need not address the district court's conclusions under Rule 60(d)(3).

[2] *See In re Pettle*, 410 F.3d 189, 192 (5th Cir. 2005).

[3] *Provident Life & Acc. Ins. Co. v. Goel*, 274 F.3d 984, 997 (5th Cir. 2001) (quoting *New Hampshire Ins. Co. v. Martech USA, Inc.*, 993 F.2d 1195, 1200 (5th Cir. 1993)).

[4] Fed. R.Civ.P.60(c)(1); *See Fierro v. Johnson*, 197 F.3d 147, 154 n.13 (5th Cir. 1999).