CHEHARDY, C.J.
11 Defendant, Charles E. Marsala, appeals a May 27,2016 judgment against him in favor of plaintiff, Bisso and Miller, LLC, in the amount of $5,430 for unpaid legal fees. For the reasons that follow, we affirm this judgment.
FACTS AND PROCEDURAL HISTORY
Sometime in late 2013, Mr. Marsala was seeking legal services for assistance in recouping losses from a failed business venture when he came into contact with Bisso and Miller, LLC, (“B & M”). Years earlier, Mr. Marsala had invested in a restaurant franchise with a close friend, Jerry Mayo, and an acquaintance, Jay Lanners. Following the venture’s failure, Mr. Marsala sued Mayo and Lanners for fraud, breach of fiduciary duty, and contribution; he also sued the company to recover an unspecified amount due under a promissory note. The matter was ultimately litigated in federal court in 2007. Although a partial summary judgment was rendered against Mr. Marsala, his claims of breach of fiduciary duty still remained viable. See Marsala v. Mayo, 2007 WL 3245434, 2007 U.S. Dist. LEXIS 81550 (E.D. La. Nov. 2, 2007). But soon thereafter, Mr. Marsala advised the court that the parties had settled and he moved to dismiss his remaining claims without prejudice. The matter was dismissed without prejudice to the parties’ rights to move to reopen the case if the settlement was not consummated within a reasonable time. See Marsala v. Mayo, 2013 U.S. Dist. LEXIS 186455 (E.D. La. Nov. 8, 2013). More than five years later, Mr. Marsala moved to reopen the case, which the district court denied as untimely and which the United States Fifth Circuit Court of Appeals affirmed. See Marsala v. Mayo, 551 Fed.Appx. 181 (5th Cir. 2014).
It was around this time and under these circumstances that Mr. Marsala came into contact with B & M. On December 18, 2013, Mr. Marsala submitted a general description of his case to LegalMatch, a lawyer referral service. |aLegalMatch distributes these case submissions to attorneys, who can respond to the prospective client if they are interested in the case. On December 20, 2013, Regel Bisso of B & M responded to Mr. Marsala with the following message: “You are talking about a lot of money and events that occurred years ago. I cannot say whether you have a valid cause of action, but I am willing to meet with you to discuss it. Please give me a call and we can schedule an appointment.” This message also included such details as Mr. Bisso’s hourly rate, $200, and that he requires a $500 retainer fee before beginning work. Mr. Marsala replied that he wanted to meet with Mr. Bisso to discuss the matter further. After this discussion, Mr. Marsala retained Mr. Bisso, who began work on the case.
Both Mr. Bisso and his law partner, Robert Miller, worked on Mr. Marsala’s case. Mr. Bisso described the case as having two phases. The first was determining whether the case could be reopened in federal court. After reviewing and. researching the matter, it was determined it could not. The second phase of Mr. Marsala’s case, Mr. Bisso explained, was the filing of new claims against old and new defendants. After reviewing and researching this matter, it was also determined *471 that Mr. Marsala did not have any viable courses of action.
The investigation and research of the two phases of Mr. Marsala’s case spanned many months. During this time, Mr. Marsala, who is not a lawyer, was conducting his own independent research and was relentlessly suggesting new legal theories to the attorneys, who explored each theory to no avail. Finally, it was in or around July of 2014, after exploring all options, including those suggested by Mr. Marsala, that Mr. Bisso and Mr. Miller advised Mr. Marsala of their opinion that he had no viable cause of action, and recommended that he proceed no further with the case. But Mr. Marsala was adamant in proceeding, prompting B & M to withdraw as counsel of record, rather than file, in their opinion, frivolous pleadings. Mr. Marsala proceeded pro se thereafter, but wished to | ¡¡continue receiving legal advice from B & M, to which they assented, so long as they were not official counsel of record. Mr. Marsala agreed and continued to be billed by B & M.
Mr. Bisso explained that his law office operates on billable hours where monthly invoices are submitted to clients that itemize the services provided, the date of the services, the amount of time for each service, and the fees charged for the services. According to the invoices introduced into evidence, B & M rendered services for Mr. Marsala between January 2014 and January 2015. During this period, Mr. Marsala submitted two payments: $4,000 on February 20, 2014 and $1,700 on July 8, 2014. The invoices reflect that services were last rendered for Mr. Marsala on January 2, 2015, bringing his outstanding balance to $5,430. He was invoiced on February 2, 2015 for this balance, and received his last invoice on May 8, 2015, reflecting his balance due as $5,430. Thereafter, on May 21, 2015, B & M filed suit on an open account in the First Parish Court of Jefferson, seeking to recover this unpaid balance.
At the conclusion of a bench trial on April 26,2016, the court ruled in favor of B & M. In the written judgment that followed on May 27, 2016, the court rendered judgment in favor of B & M and against Mr. Marsala in the amount of $5,430, with legal interest from date of judicial demand, reasonable attorney’s fees of 25% of the principal and interest, and all costs of the proceedings. In its reasons for judgment, the court explained its ruling:
Plaintiffs presented credible evidence that they provided legal advice and services that justified their claim for the unpaid balance on defendant’s invoices. Both Regal [sic] Bisso and Robert Miller testified that the billed time entries on the unpaid invoices represented work performed on behalf of defendant, Mr. Marsala.
Defendant’s testimony that the services he received were not adequate was not supported by any independent legal expert. Further, the eventual outcome or resolution of the matters for which defendant sought legal counsel has no direct bearing on the legal services provided to defendant.
J^DISCUSSION
In this appeal, Mr. Marsala appears to seek review of the trial court’s May 27, 2016 judgment. His pro se brief, however, obfuscates the sole issue before this Court: whether the trial court erred in concluding that B & M succeeded in its action on an open account under La. R.S. 9:2781. Mr. Marsala’s brief presents a lengthy and desultory discussion of various inapposite matters with scant argument on the ruling at issue. Yet, at various points throughout his brief, Mr. Marsala asserts that the trial court erred in concluding B & M presented a preponderance of the evidence in support *472 of its claim. We construe this argument as his briefed assignment of error.[1]
Pursuant to La. R.S. 9:2781, an “open account” is any account for which a part or all of the balance is past due, whether it reflects one or more transactions and whether at the time of contracting the parties expected future transactions. The statute expressly provides that an “open account” includes debts incurred for legal services. La. R.S. 9:2781(D).
In order to sustain an action on an open account, a creditor bears the burden of proving the demand by a preponderance of the evidence. Ochsner Clinic Found. v. Arguello, 11-326 (La.App. 5 Cir. 11/29/11), 80 So.3d 622, 625. In order to prove an open account, the creditor must first prove the account by showing that it was kept in the course of business and by introducing supporting testimony regarding its accuracy. Id. Once the creditor has established a prima facie case, the burden shifts to the debtor to prove the inaccuracy of the account or to prove that the debtor is entitled to certain credits. Id. The amount of an open account is a question of fact which may not be disturbed on appeal absent manifest error. Chrysler Fin. Co., L.L.C. v. Gene Ducote Auto., L.L.C., 04-1223 (La.App. 5 Cir. 3/1/05), 900 So.2d 119, 121.
Under this standard of review, a court of appeal may not set aside a finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989). This manifest error-clearly wrong standard of review is based upon a recognition of the trier-of-fact’s better capacity to evaluate live witnesses, as compared with the appellate court’s access only to a cold record, as well as the proper allocation of trial and appellate functions between the respective courts, Prejeant v. Gray Ins. Co., 15-87 (La.App. 5 Cir. 9/23/15), 176 So.3d 704, 708-09. Therefore, where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Id. at 709. In order to reverse a finding of fact, the appellate court must: (1) find from the record that a reasonable factual basis does not exist for the finding, and (2) determine that the record establishes the finding is clearly wrong or manifestly erroneous. Id.
Here, B & M met its initial burden of proving the account was kept in the ordinary course of business with testimony and documentation introduced into evidence. Mr. Bisso testified that his law office operates on the basis of billable hours at an hourly rate of $200, invoicing clients on a monthly basis. To corroborate this, he introduced the invoices billing Mr. Marsala, which detailed the services provided, the date of the services, the amount of time for each service, and the fees charged for those services. Mr. Marsala even acknowledged that “the math is correct” on the invoices. Mr. Bisso and Mr. Miller also offered testimony identifying the invoices and explaining the fees reflected on the invoices were incurred for services rendered in their representation of Mr. Marsala.
liAVe find Mr. Bisso’s and Mr. Miller’s testimony with the supporting documentation was sufficient to establish a prima facie case of an open account and to shift the burden to Mr. Marsala to prove the inaccuracy of the account or to prove that *473 he was entitled to certain credits. In his-effort to discharge this burden, Mr. Marsala offered circuitous testimony ranging from unsupported assertions that B & M did not perform the services reflected on the invoices to complaints about counsel’s performance. Nevertheless, Mr. Marsala notably conceded that B & M rendered legal services to him: “I’m not saying that they didn’t spend time on the case.” He merely found the amount of time spent on the case objectionable: “six months is just unacceptable.” Other than conclusory assertions, Mr. Marsala offered no evidence to refute Mr. Bisso’s and Mr. Miller’s testimony or to demonstrate that the invoices were inaccurate.
After considering the testimony of Mr. Bisso and Mr. Miller, with the corroborating documentation, and the unsubstantiated assertions of Mr. Marsala, the trial court found that B & M had established by a preponderance of the evidence that Mr. Marsala maintained an open account with B <& M with an unpaid balance of $5,430. Upon our review of the testimony and evidence presented at trial, we conclude that the record contains a reasonable factual basis for this finding and does not establish that it was clearly wrong. The trial court did not manifestly err in its judgment of May 27,2016.
DECREE
For the foregoing reasons, we affirm the May 27, 2016 judgment of the First Parish Court of Jefferson.
AFFIRMED

. "All assignments of error and issues for review must be briefed." Rule 2-12.4(B)(4), Uniform Rules of Louisiana Courts of Appeal.