595 So.2d 1235 (1992)
Carole C. QUIGLEY and Bruce Quigley, Sr., Individually and on Behalf of Their Minor Children Pamela Quigley and Bruce Mark Quigley, Jr.
v.
T.L. JAMES AND COMPANY, INC., New Orleans Private Patrol Service, Inc., Answer Line, Inc. and Cunningham, Inc.
No. 91-CA-830.
Court of Appeal of Louisiana, Fifth Circuit.
March 16, 1992.
*1236 Dermot S. McGlinchey, James M. Garner, Martha M. Young, McGlinchey, Stafford, Cellini & Lang, New Orleans, for defendants/appellants Answer Line, Inc., et al.
Owen W. Joyner, Metairie, for defendant/appellant Continental Ins. Co.
Herman C. Hoffmann, Jr., Alfred R. Gould, Jr., Simon, Peragine, Smith & Redfearn, New Orleans, for defendant/appellee T.L. James & Co., Inc.
Denis Paul Juge, Kelann E. Larguier, New Orleans, for defendant/appellee, Commercial Union Ins. Companies.
Michael J. Mestayer, Franklin G. Shaw, New Orleans, for plaintiffs/appellees/appellants.
Before KLIEBERT, GRISBAUM and GOTHARD, JJ.
GOTHARD, Judge.
This consolidated appeal of two summary judgments arises from a tort suit brought by the victim of an attack during a burglary attempt. We set aside both judgments and remand the case for trial of the merits.
On April 13, 1988, at about 2:00 a.m., Carole Quigley allegedly was beaten and tied up by an unknown assailant during her shift as telephone operator for Answer Line, Inc., an answering service located in the T.L. James Business Park in St. Rose, Louisiana. Mrs. Quigley and her husband, individually and on behalf of their minor children, filed suit on April 6, 1989 against: T.L. James & Co., Inc., owner of the building and park; New Orleans Private Patrol Service, Inc., provider of security services for T.L. James; and Answer Line, Inc. and Cunningham, Inc., tenants of the premises.
A related case, "Quixx Temporary Services, Inc. v. Answer Line, Inc." was ordered consolidated with the instant case on February 9, 1990.
Numerous exceptions, motions, cross-claims, and third party demands were filed *1237 and other parties added to the suit between April 6, 1989 and June 24, 1991, when the court heard the motions for summary judgment that led to this appeal. Following the June 24, 1991 hearing, separate judgments were signed, the first on July 8, 1991 and the second on August 9, 1991.
The July 8, 1991 judgment held in favor of T.L. James and against defendants Answer Line and/or Cunningham Personnel, Inc. ("Cunningham") on a cross-claim in which T.L. James sought indemnity based upon an indemnification clause in its lease with Cunningham and, allegedly, Answer Line. Answer Line perfected a suspensive appeal. The judgment also held in favor of T.L. James and against Continental Insurance Company, ("Continental"), liability insurer of Answer Line, on T.L. James' third party demand. The court held that Continental owed reimbursement to T.L. James of all expenses incurred in its defense and that Continental must "indemnify, hold harmless and defend" T.L. James from and against all claims arising from the April 13, 1988 incident. Continental took a suspensive appeal from the judgment insofar as it held against the insurer.
The second summary judgment, signed August 9, 1991, held in favor of Commercial Union Insurance Companies and dismissed a third party demand filed by Answer Line, Cunningham, and Sheila and Larry Cunningham in their capacities as officers of Answer Line (hereafter collectively "Answer Line"), in which they sought indemnity and/or contribution from Commercial Union for expenses of defending the action and for any damages for which they might be cast. Commercial Union was the worker's compensation and employer's liability insurer of Quixx Temporary Services, Inc., also a third party defendant, with whom Answer Line had entered into a contract shortly before the incident. Answer Line, Sheila Cunningham, and Larry Cunningham were granted a devolutive appeal from the judgment in favor of Commercial.
In summary, Answer Line has appealed the judgment in favor of T.L. James and the judgment in favor of Commercial Union. Continental appeals only the judgment in favor of T.L. James.
For each appeal this court must determine whether or not the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.C.C.P. art. 966. Summary judgment should be used cautiously and sparingly and any reasonable doubt should be resolved against the mover; it is rarely appropriate for a determination based on subjective facts such as intent or motive. Penalber v. Blount, 550 So.2d 577 (La.1989). Moreover, on a motion for summary judgment, it is not the function of the trial court to determine or inquire into the merits of the issues raised, and the court may not weigh the conflicting evidence on a material fact. If the evidence presented is subject to conflicting interpretations, summary judgment is not proper. Liem v. Austin Power, Inc., 569 So.2d 601 (La.App. 2nd Cir.1990), and cases cited therein.

FACTS
The record reveals that Answer Line and Cunningham Personnel, Inc. are separate corporations and are, respectively, a telephone answer service and a temporary help service. Sheila Cunningham incorporated Answer Line on November 14, 1985, and was its sole shareholder and president at the time of the incident. Larry Cunningham served as its business manager. Six months later, on April 22, 1986, Cunningham Personnel, Inc. was incorporated, with Sheila Cunningham as one of three directors. On March 31, 1987, Cunningham signed a lease with T.L. James for Suite 218, 110 James Drive West, in the T.L. James Business Park. A few months later, Answer Line began occupying part of the lease space with the acquiescence of the property manager of James Business Park but without a written modification of the lease. Thereafter Answer Line and Cunningham shared the rent and remitted it in separate checks. The written lease contained a provision requiring the tenant to indemnify the landlord for damages resulting from the use or occupancy of the premises.
*1238 On April 5, 1988, Answer Line contracted with Quixx Temporary Services, Inc. to provide personnel and payroll services. Answer Line alleges that Carole Quigley was no longer its employee on April 13, 1988, because under the contract she and all other Answer Line employees had been terminated by Answer Line and rehired by Quixx before that date.

APPEALS FROM JUDGMENT IN FAVOR OF T.L. JAMES, JULY 9, 1991
Answer Line and Continental. Answer Line contests the judgment's holding it obligated to indemnify T.L. James. The company argues that because it was not a party to the lease between T.L. James and Cunningham, it is not bound by the indemnification provision; however, T.L. James contends that the parties amended the lease to include Answer Line as co-lessee.
Although oral leases and oral modifications of written leases have been held to be valid, the proponent of an oral amendment must show that there was an oral agreement and meeting of the minds between the lessor and lessee as to the alleged modification. Rhymes v. Freeman, 258 So.2d 109 (La.App. 2nd Cir.1972); Gravier Co. v. Satellite Business Sys., 519 So.2d 180 (La.App. 4th Cir.1987), writ denied 521 So.2d 1150 (La.1988). The conflicting documentary evidence submitted by the litigants here indicates a remaining question of material fact as to whether an oral modification of the lease took place to include Answer Line as a co-lessee with Cunningham, Inc. and bind Answer Line to the terms of the written lease, including the indemnification provision. For that reason summary judgment was improperly granted.
Continental's appeal is also based upon issues regarding the lease. As we find that questions of material fact regarding the existence and/or terms of an oral modification of the written lease between Cunningham, Inc. and T.L. James & Co., Inc. preclude summary judgment, we reverse the summary judgment of July 8, 1991 as to both appellants, Answer Line and Continental Insurance Company, and remand.

APPEAL OF JUDGMENT IN FAVOR OF COMMERCIAL UNION INSURANCE COMPANIES, AUGUST 9, 1991
Answer Line appeals the dismissal of its cross-claim and third party demand against Commercial Union, insurer of Quixx Temporary Services, Inc., alleging that Commercial's policy covers Answer Line's claims against the insurer in two respects: for bodily injury to Mrs. Quigley, Quixx's employee, and for Quixx's negligence in failing to secure insurance coverage promised to Answer Line. Although Commercial appears to admit in its brief that if Mrs. Quigley was an employee of Quixx when injured, coverage would have existed for a tort claim but not for Answer Line's breach of contract claim, the insurer denies that an employer-employee relationship existed between Mrs. Quigley and Quixx.
We find that the documents submitted by the litigants are conflicting and are insufficient to resolve the question of Mrs. Quigley's employment status on the evening of the accident. Summary judgment is therefore inappropriate. We pretermit consideration of Answer Line's additional claim against Commercial Union as to its failure to provide insurance coverage.
For the reasons assigned above, the two judgments appealed from are reversed and the case is remanded for trial of the merits.
REVERSED AND REMANDED.