685 So.2d 306 (1996)
NATIONAL GYPSUM COMPANY
v.
ACE WHOLESALE, INC.
No. 96-CA-215.
Court of Appeal of Louisiana, Fifth Circuit.
November 26, 1996.
Writ Denied January 7, 1997.
*307 M. Brent Hicks, Wayne M. Babovich, Bradley J. Chauvin, Metairie, for Appellant Ace Wholesale, Inc.
Gerard O. Salassi, IV, Metairie, for Appellee National Gypsum Company.
Before CANNELLA and DALEY, JJ., and RICHARD J. GARVEY, J. Pro Tem.
CANNELLA, Judge.
Defendant, Ace Wholesale, Inc. (Ace), appeals from the trial court judgment, which awards plaintiff, National Gypsum Company (Gypsum), the sum of $208,724.14 in its suit on open account. The trial court granted Gypsum's motion for summary judgment on the main demand and maintained Gypsum's exceptions of no right of action, no cause of action and res judicata on Ace's reconventional demand. For the reasons which follow, we affirm the ruling granting the summary judgment and vacate the ruling maintaining the exceptions.
Gypsum and Ace agreed for Gypsum to provide materials for Ace to market. According to Gypsum records, it supplied Ace with certain merchandise on open account between June 1993 and the end of July 1993, valued by invoice at $208,742.14. Ace did not pay for the merchandise. Therefore, Gypsum filed suit on open account, attaching to its petition a sworn statement of account evidencing the delivery of goods to Ace valued in the amount of $208,742.14.
Ace filed an answer and reconventional demand denying that it owed Gypsum the amount of money claimed. Ace contends that the price to be paid for the merchandise which Gypsum provided, by agreement between the parties, was an amount "comparable to that charged other companies receiving like quantities of materials." Ace further contends that Gypsum breached their agreement by discriminating among its buyers and by charging Ace a higher price for the merchandise than was charged other companies receiving similar materials. Ace accused Gypsum of violating the Unfair Trade Practices Act and interfering with the business relationship that Ace had with its customers, causing Ace significant business loss.[1]
Gypsum filed for a summary judgment on the main demand, arguing that there was no genuine issue as to a material fact and that it was entitled to judgment on its main demand as a matter of law. Gypsum also argued that the reconventional demand for an unliquidated claim could not bar its recovery by summary judgment of the liquidated claim on open account. Gypsum also moved for summary judgment and filed exceptions of no right of action, no cause of action and res judicata to the reconventional demand because Gypsum had been issued a bankruptcy *308 order barring Ace from asserting these claims.
The trial court granted Gypsum's summary judgment on the main demand for $208,724.14, plus legal interest from the date of judicial demand and attorney's fees of 25%. The trial court also maintained Gypsum's exceptions of no right of action, no cause of action and res judicata and dismissed Ace's reconventional demand. Ace appeals[2].
On appeal Ace argues that the trial court erred in granting the summary judgment because there are material issues of fact concerning the price to be paid for the merchandise which Gypsum delivered to Ace. Further, Ace argues that the trial court erred in maintaining the exceptions based on the bankruptcy order, because the bankruptcy confirmation occurred on March 9, 1993 and some of the alleged discriminatory acts of Gypsum regarding the merchandise in question in this suit occurred in June and July of 1993, subsequent thereto.
In response, Gypsum argues that the summary judgment was appropriate on the main demand because there are no material issues of fact and an unliquidated claim, as asserted in Ace's reconventional demand, cannot prevent summary judgment from being rendered on a liquidated claim on open account.
On a motion for summary judgment, it is well settled that the mover is entitled to judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. Summary judgment should be used cautiously, sparingly and any reasonable doubt should be resolved against the mover. It is rarely appropriate for a determination based on subjective facts such as intent or motive. Quigley v. T.L. James and Co., Inc. 595 So.2d 1235 (La.App. 5th Cir. 1992). Moreover, on a motion for summary judgment, it is not the function of the trial court to determine or inquire into the merits of the issues raised, and the trial court may not weigh the conflicting evidence on a material fact. If the evidence presented is subject to conflicting interpretations, summary judgment is not proper. Quigley, supra.
In the instant case, Gypsum submitted a sworn statement of account, indicating that Ace owed Gypsum $208,742.14 for the goods it delivered to Ace during the months of June and July of 1993. Gypsum also submitted affidavits by several Gypsum employees attesting that the affiants were familiar with the Ace account and that the petition correctly stated the amount due on the account. The affidavits also stated that Ace had not been discriminated against by Gypsum as to price or otherwise, and that Ace had the same opportunity as other companies to request that Gypsum "meet a competitive situation." Gypsum argues that Ace admitted at least $200,000 of the debt owed by issuing a check for that amount, although it later stopped payment on the check.
Ace filed an affidavit by Felix Celestin, its president and sole shareholder, attesting that Gypsum and Ace never discussed any specific price for the materials which Gypsum delivered to Ace, that the price was supposed to be comparable to that charged to other companies receiving like quantities of materials and that Gypsum did not charge Ace a comparable price but a higher price than that charged to other companies. Accordingly, Ace argued that it did not owe the amount of money for the goods as asserted by Gypsum in its petition and attached accounts. Rather, a reasonable amount in accord with their agreement should be set by the trial court.
In proving a claim on open account, the plaintiff creditor must first prove the account by showing that the record of the account was kept in the course of business and by introducing supporting testimony regarding *309 its accuracy. Once a prima facie case has been established, the burden shifts to the debtor to prove the inaccuracy of the account or to prove that the debtor is entitled to certain credits. Heritage Worldwide, Inc. v. Jimmy Swaggart Ministries, 95-0484 (La. App. 1st Cir. 11/16/95), 665 So.2d 523, writ denied, 96-0415 (La.3/29/96), 670 So.2d 1233; Jacobs Chiropractic Clinic v. Holloway, 589 So.2d 31 (La.App. 1st Cir.1991); General Electric Company, Inc. v. Louisiana Electric Supply Company, Inc., 460 So.2d 34 (La. App. 1st Cir.1984).
In reviewing the pleadings, interrogatories and affidavits, we find, as did the trial court, that there is no genuine issue of material fact concerning the price of the goods in question. The arrangement between the parties was an open account. Goods were shipped to Ace and invoiced in the regular course of business at a particular price. Ace does not deny receiving the goods, nor does Ace dispute the quality of the goods shipped. Gypsum proved the account by showing that the records were kept in the regular course of business and introducing affidavits attesting to the accuracy of the accounts. The burden shifted to Ace, at that point, to prove the inaccuracy of the account. Ace contends that it was not charged the correct price for the goods. However, the affidavit submitted by Ace was conclusory in nature and provided no facts to support their claim. It is well settled that affidavits with conclusory allegations of fact which are devoid of specific facts will not be considered sufficient to defeat a summary judgment. La. C.C.P. arts. 966 and 967. Farmer v. Reyes, 95-0734, (La.App. 4th Cir. 11/16/95) 665 So.2d 129; Jackson v. Belleau, 94-1469 (La.App. 3rd Cir. 6/7/95), 657 So.2d 478; Patterson v. Weber Marine and Fireman's Fund Ins. Co., 92-0729R (La.App. 1st Cir. 4/8/94), 635 So.2d 686; Sizeler Property Investors, Inc. v. Gordon Jewelry Corp., 550 So.2d 237 (La.App. 4th Cir. 1989), writ denied, 551 So.2d 1327 (La.1989).
Thus, based on what is before us in this record, the price of the goods was determined and invoiced in the regular course of business by Gypsum. A sworn statement of account attesting to the accuracy of the account was attached to the petition. Ace responded with what amounts only to a general denial that the price was not owed, without any factual basis being offered for this conclusion. Therefore, we find no error in the trial court ruling that there is no material issue of fact presented in this case and Gypsum is entitled to judgment on its main demand on open account. We affirm that ruling.
The trial court also maintained Gypsum's exceptions of no right of action, no cause of action and res judicata, filed in response to Ace's reconventional demand, and dismissed the reconventional demand.
Ace argues on appeal that the trial court erred in maintaining those exceptions because the bankruptcy order, upon which the exceptions are based, was issued March 9, 1993, and the goods, which are the subject of this litigation, were delivered afterward in June and July, 1993.
Gypsum argues that any discriminatory conduct that it may have engaged in, which it expressly denies, commenced prior to the bankruptcy order and, thus, the order bars the assertion of that claim.
Even if we concede Gypsum's argument, that the bankruptcy order bars the assertion of any claim that Ace may have had which existed prior to the order, it would not dispose of this case. The bankruptcy order will not insulate Gypsum from liability for tortious acts occurring after the order. In this case, the order was entered on March 9, 1993. The deliveries of merchandise involved in this litigation occurred over three months after the entry of the order, in June and July of 1993. Thus, the confirmation order entered March 9, 1993, cannot serve as a bar to any claims by Ace arising after that time.
Ace also argues in brief that the discriminatory acts of Gypsum constitute a continuing tort which did not end until after the bankruptcy adjudication. Thus, it is argued, that a viable claim exists despite the bankruptcy adjudication. We expressly do not reach this argument since the ruling which maintained the exceptions is being set aside and the case is being remanded to the trial *310 court for further proceedings. A ruling on this limited issue, which does not grant either party all or part of its requested relief and does not dismiss a party from the action, would be contrary to the precepts set out by the Supreme Court in Everything on Wheels Subaru v. Subaru South, Inc., 616 So.2d 1234 (La.1993). Therefore, the ruling maintaining the exceptions of no right of action, no cause of action and res judicata is reversed.[3]
This holding, setting aside the trial court judgment granting Gypsum's exceptions, does not, however, effect our initial ruling that the summary judgment on the open account claim was properly granted. It is clear under our jurisprudence that a claim for offset or compensation is not sufficient to prevent summary judgment on a liquidated debt where the compensation is not based on a liquidated claim. American Bank v. Saxena, 553 So.2d 836 (La.1989); A Confidential Limousine v. London Livery, 612 So.2d 875 (La.App. 4th Cir.1993), writ denied, 614 So.2d 1263 (La.1993). Further, A Confidential expressly rejected the argument asserted here, that a reconventional demand under the Unfair Trade Practices Act and Uniform Trade Secrets Act could be used as an offset or compensation claim to bar recovery by summary judgment on the main demand on open account.
Following A Confidential we, likewise, find that Ace's reconventional demand, in which they assert an unliquidated claim under the Unfair Trade Practices Act (La. R.S.51:1401), cannot bar Gypsum's right of recovery by summary judgment on its liquidated claim on open account.
Accordingly, for the reasons set forth above, the judgment of the trial court is affirmed insofar as it granted Gypsum summary judgment on its main demand on open account and is reversed insofar as it maintained the exceptions of no right of action, no cause of action and res judicata rendered in favor of Gypsum on Ace's reconventional demand. The case is remanded for further proceedings consistent with the views expressed herein.
SUMMARY JUDGMENT AFFIRMED; JUDGMENT MAINTAINING THE EXCEPTIONS OF NO RIGHT OF ACTION, NO CAUSE OF ACTION AND RES JUDICATA REVERSED; CASE REMANDED.
NOTES
[1] Although Ace's pleading was titled "Answer and Reconventional Demand," and the "answer" part of the pleading only appears to be a general denial, under La. C.C.P. art. 1005, if a party has mistakenly designated an affirmative defense as an incidental demand, the court shall treat the pleading as if there had been a proper designation. Accordingly, we view Ace's pleading in its entirety.
[2] It is not completely clear from the record whether the trial court granted the summary judgment on the main demand only or also on the reconventional demand. Although argued by Gypsum that the summary judgment was granted on both the main demand and reconventional demand, our reading of the judgment indicates that the trial judge dismissed the reconventional demand based on the exceptions and the summary judgment was rendered solely on the main demand.
[3] To the extent that the summary judgment may relate to the reconventional demand, it is set aside for the same reasons as those set forth regarding the reversal of the ruling on the exceptions.