# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 05-675


**VAN MOREAU**

**VERSUS**

**BURLINGTON NORTHERN SANTA FE, ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-2003-508
HONORABLE PATRICIA C. COLE, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


**JOHN D. SAUNDERS**
**JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of John D. Saunders, Oswald A. Decuir, and Glenn B. Gremillion, Judges.


**AFFIRMED.**

**Lawrence N. Curtis**
**Curtis & Lambert**
**P. O. Box 80247**
**Lafayette, LA 70598-0247**
**(337) 235-1825**
**Counsel for Plaintiff/Appellant:**
**Van Moreau**

**David Andrew Fraser**
**Attorney at Law**
**P. O. Box 4886**
**Lake Charles, LA 70606**
**(337) 478-8595**
**Counsel for Defendant/Appellee:**
**Union Pacific Railroad Company**

**Adam L. Ortego, Jr.**
**Assistant Attorney General**
**901 Lakeshore Dr., #820**
**Lake Charles, LA 70601**
**(337) 491-2844**
**Counsel for Defendant/Appellee:**
**State of Louisiana, through DOTD**

**Roderick Gregory Bertrand**
**Assistant District Attorney**
**P. O. Box 839**
**Oberlin, LA 70655**
**(337) 639-2641**
**Counsel for Defendant/Appellee:**
**Allen Parish Police Jury**

**Randall Brian Keiser**
**Keiser Law Firm**
**P.O. Box 12358**
**Alexandria, LA 71315-2394**
**(318) 443-6168**
**Counsel for Defendant/Appellee:**
**Town of Kinder**

**SAUNDERS, Judge.**

Plaintiff, Van Moreau, was injured when he was involved in an automobile-locomotive collision on August 28, 2005. Plaintiff was traveling on Highway 190 in the Town of Kinder when he came to a stop on the railroad tracks. He claims that his view of the approaching train was obstructed and that due to this obstruction, he was unable to prevent the accident. Plaintiff filed suit against the Burlington Northern Santa Fe Railway Company, Union Pacific Railroad Company, the Town of Kinder, Allen Parish, and the State of Louisiana through the Department of Transportation and Development. Plaintiff alleged that the Town of Kinder had a duty to install proper signalization and to remove obstructions from the railroad crossing. The trial court, after examining all the documentary evidence and testimony, found that the Town of Kinder had no duty to maintain the railroad crossing. Based on this conclusion, the trial court determined that there was no genuine issue of material fact and granted summary judgment in favor of the Town of Kinder. We affirm.

**FACTS AND PROCEDURAL HISTORY**

The accident giving rise to this litigation occurred around 12:25 p.m. on August 28, 2002, when Plaintiff's truck was stuck by a train at a railroad grade crossing on Highway 190 in the Town of Kinder. Plaintiff, Van Moreau, was traveling in a northerly direction on Highway 190 when, according to Plaintiff, the car in front of him "suddenly" stopped, and he was forced to stop on the railroad tracks. When Plaintiff looked to his left, he saw a train approaching and tried to avoid the collision by backing up, but his attempt was unsuccessful. Plaintiff sustained various physical injuries including injuries to his head, neck, and spine as well as injuries to his central nervous system. He also suffers from fear, anxiety, humiliation and embarrassment as a result of the accident.

Plaintiff brought an action against the Town of Kinder, Burlington Northern Santa Fe Railway Company, Union Pacific Railroad Company, Allen Parish, and the State of Louisiana through the Department of Transportation and Development to recover damages for injuries sustained in the accident. In his petition, Plaintiff alleged that the Town of Kinder was negligent in failing to install adequate signalization at the Highway 190 railroad grade crossing, and in failing to remove sight obstructions from the right-of-way, which prevented Plaintiff from seeing the approaching train.

On January 27, 2005, the Town of Kinder filed a motion for summary judgment, arguing that there was a lack of factual support for duty and causation, both requisite elements of Plaintiff's claim. The trial court granted summary judgment, finding that the Town of Kinder had no duty to maintain the signalization on the highway since Plaintiff offered no evidence to show that it was "unduly hazardous such that a stop sign should have been erected before the crossing." In addition, the trial court ruled that Plaintiff did not rebut the causation element of its claim. Plaintiff now appeals.

**ASSIGNMENTS OF ERROR**

1) The trial court erred in weighing the evidence and relying upon evidence that was subject to conflicting interpretations.

2) The trial court erred in finding that the Town of Kinder owed no duty with respect to the signalization at the crossing.

**STANDARD OF REVIEW**

Appellate courts conduct a *de novo* review of rulings on motions for summary judgment. "It is well established that a summary judgment shall be rendered if the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." *Alfred Palma, Inc. v. Crane Servs. Inc.,* 03-0614, p.3 (La.App. 3 Cir. 11/5/03), 858 So.2d 772, 774, quoting *Shelton v. Standard/700 Associates*, 01-587, p.5 (La. 10/16/01), 798 So.2d 60, 64-65; La.Code Civ.P. art. 966(B).

**LAW AND ANALYSIS**

Assignment of Error 1:

Plaintiff argues that the trial court erred in weighing the evidence and relying upon evidence that was subject to conflicting interpretations. The trial court relied on photographs of the railroad grade crossing that were attached to Plaintiff's deposition in order to determine whether or not Plaintiff's view was, in fact, obstructed. These photographs were introduced for the limited purpose of identification of the railroad crossing. When the pictures were attached to the deposition to be introduced at trial, Plaintiff's counsel objected to the writing on the sides of the photographs purporting to describe the direction the photographer was facing. Defense counsel agreed to "cut the writing off," leaving only the photographs of the crossing with no reference as to what the photos were depicting. The trial court relied on its own review of the photographs that were attached to Plaintiff's deposition in rejecting his testimony that his view was obstructed. There is no evidence in the record indicating when the photographs were taken, who took the photographs, or the location of the photographer when the photographs were taken. On a hearing for a Motion for Summary Judgment, Plaintiff was shown one of the photographs and was asked

3

whether anything had changed with respect to the buildings shown in the photograph since the accident. Plaintiff responded, "I don't know."

When a trial court decides a motion for summary judgment, "the trial court cannot make credibility determinations," nor may it "determine or even inquire into the merits of the issues raised." *Lazard v. Foti*, 02-2888 (La. 10/21/03), 859 So.2d 656, 663; *Knowles v. McCright's Pharmacy, Inc.*, 34,559 (La.App. 2 Cir. 4/4/01), 785 So.2d 101, 104. "If evidence presented is subject to conflicting interpretations, summary judgment is not proper." *Federated Rural Elec. Ins. Corp. v. Gulf S. Cable,* 2002-0852 (La.App 3 Cir. 12/11/02), 833 So.2d 544, 546; *National Gypsum Co. v. Ace Wholesale, Inc.*, 96-215, pp. 4-5 (La.App. 5 Cir. 11/26/96), 685 So.2d 306, 308, *writ denied*, 96-3055 (La. 2/7/97), 688 So.2d 502.

The photographs of the railroad grade crossing were subject to conflicting interpretations, as there was no reference with respect to the circumstances under which the photographs were taken and whether they properly reflected the viewpoint of Plaintiff at the time of the accident. We find that the trial court weighed the photographs against Plaintiff's testimony and inappropriately granted a summary judgment based upon conflicting interpretations.

Moreover, the trial court found that Plaintiff was "duty bound" to look both ways before crossing the railroad tracks under La.R.S. 32:171(E) and La.R.S. 32:175(A). Although Plaintiff may have a duty to look before crossing the railroad tracks, his negligence in not doing so will not bar him from recovering from defendants who may be held liable to him. Under Louisiana's comparative fault scheme, enumerated in La.Civ.Code art. 2323, Plaintiff's negligence does not defeat his cause of action. His recovery will simply be reduced by the amount of fault

4

allocated to him by the trial court. Accordingly, Plaintiff's negligence is not dispositive of the issue. We find that the trial court erred in issuing a summary judgment based on Plaintiff's negligence, as comparative negligence preempts summary judgment.

Assignment of Error No. 2:

Plaintiff argues that the trial court erred, as a matter of law, in limiting the town's duty to responding to "unduly hazardous" conditions. He argues that under La.R.S. 32:41 and La.R.S. 32:235, a municipality's authority is not limited to dealing with "unduly hazardous" conditions. Defendant, on the other hand, contends that the duty to regulate railroad crossings on state highways is placed upon the railroad companies and the State, through the Department of Transportation and Development, and that the Town of Kinder has no duty to regulate the crossing.

Louisiana Revised Statutes 48:386.1 states in pertinent part:

> B. . . . all railroad companies operating in this state shall maintain their rights-of-way at any public road or highway railroad grade crossing that is not protected by an active warning device that includes lights and cross-arms in such a manner that the vegetation and structures and other obstructions do not obstruct the view of the motorists approaching such public road or highway railroad grade crossing.
>
> C. Railroad companies shall cut vegetation and remove structures and other obstructions that obstruct the view of the operator of any motor vehicle approaching any public road or highway railroad grade crossing that is not protected by an active warning device that includes lights and cross-arms, from either direction and that are located within the maintenance width and maintenance length of the crossing.

The railroad companies clearly have a primary duty to keep the right-of-way on public streets and highways clear. Under La.R.S. 48:386.1D(1), the Department of

Transportation and Development has the authority to "periodically inspect and evaluate all state highway railroad grade crossings on state highways" to determine whether they are maintained and are in compliance with the provisions of Section 386.1. In Section 383.1D(2), municipalities are given the authority to inspect "all nonstate public road or highway railroad grade crossings located within its jurisdiction."

Plaintiff contends that under La.R.S. 32:41A(11), the municipality has a duty to erect stop signs, with the written approval of the Department of Transportation and Development, if a crossing is "particularly dangerous." Under La.R.S. 32:41(13)(C), a municipality "may adopt ordinances regulating traffic on state maintained highways within their corporate limits, so long as such ordinances do not establish regulations different from, or in addition to, the provisions of this Chapter and the regulations of the department and the commissioner adopted pursuant thereto." If a municipality chooses to adopt a regulation or ordinance that supplements or compliments one of the provisions of Title 32, Chapter 1, then the municipality must obtain written approval of the ordinance or regulation from the commissioner and the Department of Transportation and Development.

Plaintiff also argues that the Town of Kinder owed a duty to him under La.R.S. 32:235. That statute provides in pertinent part:

> B. Local municipal and parish authorities in their respective jurisdictions shall place and maintain such traffic control devices upon highways under their jurisdiction as they may deem necessary to indicate and to carry out the provisions of this Chapter, regulations of the department and commissioner adopted pursuant hereto, and local traffic ordinances adopted pursuant to the authority granted by R.S. 32:41 and R.S. 32:42.
> C. No local municipal or parish authority shall place or maintain any traffic control device upon any state

6

> maintained highway without having first obtained the written approval of the department.

Similarly, under La.R.S. 32:235, if a local municipality wishes to place or maintain any traffic control devices on a highway that is maintained by the State, the municipality must obtain written approval from the Department of Transportation and Development. It is clear under La.R.S 32:41(13)(C) and La.R.S. 32:235 that with the written approval of the department, a municipality may adopt an ordinance that supplements one of the provisions of Title 32. The question now becomes whether there is a duty on the part of the Town of Kinder to pass such an ordinance.

It is incumbent on Plaintiff to show such a duty on the part of the Town of Kinder. Plaintiff's contention that La.R.S. 32:41(13)(C) and La.R.S. 32:23 create a duty upon a municipality to pass ordinances regulating railroad crossings on state highways appears to be *res novo,* as we have found no case dealing with this contention. A reading of this statute clearly does not create a direct duty upon a municipality, but rather gives it authority to request permission from the state to take action when it is put on notice that action needs to be taken. The question then becomes, when does a duty visit upon a municipality to exercise its discretion and request permission from the state to perform work on a railroad right-of-way. Plaintiff has not suggested and has shown no authority to suggest the circumstances under which such a duty would be imposed upon a municipality. Indeed, it could be argued that inasmuch as the passage of ordinances is a discretionary function of a municipality, and in view of the fact that the primary responsibility for the railroad crossing is put by statute upon the railroad companies and secondarily upon the Louisiana Department of Transportation and Development, that no duty is placed upon the municipality to enact ordinances to assist the department and the railroad

7

companies in performing their statutory duties. It seems clear that, at the very least, no such duty exists upon the municipality to pass such an ordinance unless a showing is made that there was a known danger to the motoring public, and, moreover, that this knowledge has been brought to the attention of the municipality in a timely fashion so that reasonable prudence would require them to pass an ordinance regulating a railroad crossing on a state highway. In the present case, Plaintiff has presented no evidence to suggest that any knowledge of a dangerous or hazardous condition at the intersection existed and was known by the governing authority prior to the accident in question. Accordingly, in the absence of prior knowledge of a hazardous condition, the Town of Kinder had no statutory duty to enact an ordinance requesting permission from the Louisiana Department of Transportation and Development to erect a stop sign or to maintain the railroad crossing. This being so, our finding of error in our discussion of Plaintiff's first assignment of error is rendered academic, as there has been no showing of prior knowledge of a hazard which would have required the town to take action. In absence of a duty to act, the Town of Kinder cannot be held liable to Plaintiff. We affirm the trial court's granting of summary judgment in favor of the Town of Kinder.

### CONCLUSION

The judgment of the trial court is affirmed. Costs of the appeal are assessed against Plaintiff/Appellant.

**AFFIRMED.**

8