FREDERICKA HOMBERG WICKER, Judge.
| ¡.Plaintiff, Donna Colwart, appeals a judgment of the trial court that denied her motion for summary judgment, granted a defense motion for summary judgment, and dismissed the lawsuit with prejudice. We affirm.
The underlying action was filed by Ms. Colwart for damages sustained in an automobile accident that occurred in Jefferson Parish on January 28, 2004. According to the allegations in the petition, Ms. Colwart was stopped for traffic when her vehicle was struck in the rear as she became the first car in a three-car chain accident on Eastbound I — 10. Ms. Colwart asserts the driver of the third vehicle, Patrick Hayden who is at fault in the accident, is underin-sured and unable to cover the damages and injuries sustained by Ms. Colwart. Ms. Colwart’s insurer, Encompass Indemnity Company (Encompass), tendered a payment of $10,000.00 under the Uninsured/Underinsured motorist (UM) section of the policy. Subsequently, Ms. Colwart filed this action against Encompass asserting that the limits of coverage under the UM portion of the policy were equal to the bodily | sinjury liability limits of $100,000.00 per person, and not restricted to the $10,000.00 lower limit selection made in the original policy.
The parties filed cross motions for summary judgment on the issue of the amount of coverage. Encompass contends the limits of coverage are $10,000.00 per person *529 because it has a valid selection of the lower limits. Ms. Colwart maintains the limits are $100,000.00 per person, an amount equal to the limits of the Bodily Injury Liability coverage of the policy. Ms. Col-wart’s argument is that the selection of lower limits relied on by Encompass does not apply to this policy. The trial court denied Ms. Colwart’s motion and granted the motion filed by Encompass. It is that judgment which is before this court on review.
The sole purpose for the motion for summary judgment is to determine in advance of trial whether a genuine issue of material fact exists between the litigants. Genusa v. B & B Steel Metal & Roofing, 95-318 (La.App. 5 Cir. 10/18/95), 663 So.2d 788; writ denied, 95-2718 (La.1/26/96), 666 So.2d 672. A summary judgment is proper only if pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and mover is entitled to judgment as matter of law. La. C.C.P. art. 966. Our review of a summary judgment is de novo. Lee v. Naquin, 05-606 (La. 5 Cir. 2/3/06), 924 So.2d 250. The issue of whether an insurance policy, as a matter of law, provides or precludes coverage is a dispute that can be resolved properly within the framework of a motion for summary judgment. Johnson v. Allstate Ins. Co., 95-1953 (La.App. 1st Cir.5/10/96), 673 So.2d 345, 347, writ denied, 96-1292 (La.6/28/96), 675 So.2d 1126.
The material facts are not in dispute. Ms. Colwart was involved in the accident, and at that time was covered by Encompass which provided UM coverage to Ms. Colwart and Eric Morgan. The relevant automobile insurance | ¿policy issued to Ms. Colwart and Mr. Morgan by Encompass provides limits of bodily injury liability coverage in the amount of $100,000.00 per person/$300,000.00 per accident. The only selection of lower limits produced by Encompass is signed by Mr. Morgan prior to the effective dates of the Encompass policy and identifies a policy issued by Kansas City Fire and Marine Insurance Company (Kansas City), but with the same policy number as that of the Encompass policy.
The sole issue presented for our review is whether the selection of lower limits of UM coverage, reducing the limit of coverage to $10,000.00 in the original Kansas City policy is valid as to the subsequent Encompass policy, thereby entitling Encompass to a summary judgment as a matter of law. We believe that it does.
In support of its motion for summary judgment, Encompass attached its automobile insurance policy # 262021301, showing a policy period of November 26, 2003 to November 26, 2004. The policy is entitled, “USP Deluxe-Package Renewal Policy Coverage Summary”, and lists Eric Morgan & Donna Colwart as policyholders. Limits include $100,000.00/300,000.00 Bodily Injury Liability and $10,000.00/20,000 UM coverage. Encompass also attached a document showing that on November 26, 2002, Eric Morgan selected the lower limits of UM coverage. This form lists the same two named insureds and has the same policy number as the Encompass policy; however, the company name is listed as Kansas City.
Encompass also provided an affidavit from Kenneth J. Ujezo, who stated that he is a regional underwriting manager who is in control of all policy records insured by Encompass and “its affiliates including Kansas City and Marine Insurance Company and who reside in Louisiana....” He further stated that these | ^policies are “in his care, custody and control.” Mr. Ujezo attested to the fact that the Encompass policy issued to Mr. Morgan and Ms. Col-wart in effect from November 26, 2003 to *530 November 26, 2004 bearing policy # 0262021301 is a renewal of a policy bearing the same policy number originally issued on November 26, 2002 by Kansas City. Mr. Ujezo’s affidavit also establishes that the Uninsured/ Underinsured Motorist Bodily Injury Coverage Form executed by Mr. Morgan on November 26, 2002 is the only form on record for policy # 0262021301, and that no insured under the policy had made a written request to make a change in either the UM or the Bodily Injury coverage.
When a motion for summary judgment is made and supported by documentation, an adverse party may not rest on the mere allegations or denials of his pleading. The adverse party must respond, by affidavits or as otherwise provided by law, and must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967 B.
Ms. Colwart did not present any evidence to either support her motion for summary judgment or to oppose that filed by Encompass. She argues that the affidavit presented by Encompass is concluso-ry and should not be considered by the court.
It is well settled that affidavits with conclusory allegations of fact which are devoid of specific facts will not be considered sufficient to defeat a summary judgment. La. C.C.P. arts. 966 and 967, National Gypsum Co. v. Ace Wholesale, Inc., 96-215 (La.App. 5 Cir. 11/26/96), 685 So.2d 306, 309, and cases cited therein; writ denied, 96-3055 (La.2/17/97), 688 So.2d 502. We do not find Ms. Colwart’s argument that the affidavit is conclusory to be convincing. La. C.C.P. art 967 A provides in part that, “(s)upporting and opposing affidavits shall be made | fion personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.” The affidavit establishes that the affiant is a person with actual, personal knowledge of the affiliation of Encompass and Kansas City, and is responsible for the policies written in this case. We find that the affidavit of Mr. Ujezo satisfies the requirements of C.C.P. Art. 967 A and can support the summary judgment.
Ms. Colwart does not question the validity of the form signed opting for the lower limits of UM coverage, or its application to the Kansas City policy. Nor does she suggest that any attempt was made to rescind the selection of the lower limits when the Encompass policy was issued. Ms. Colwart’s argument is that the form selecting lower limits executed at the time the first policy was issued by Kansas City was invalidated on the anniversary date, when the policy was replaced with one from Encompass. She argues that, because the second policy was issued by a different company it is a new policy, not a renewal policy. Accordingly, a new selection of lower limits form should have been executed.
At the time the selection of lower limits was made in this policy the applicable law was La. R.S. 22:1406 D(l)(a)(ii)[1] which read in pertinent part as follows:
. The form signed by the insured or his legal representative which initially rejects coverage, selects lower limits, or selects economic-only coverage shall remain valid for the life of the policy and shall not require the comple *531 tion of a new selection form when a renewal, reinstatement, substitute, or amended policy is issued to the same named insured by the same insurer or any of its affiliates. (Emphasis ours)
In the matter before us, the affidavit in support of the motion for summary judgment filed by Encompass supports its argument that the policy |7in effect at the time of the accident was a renewal policy provided by an affiliate of the original insurance company. The policy numbers are the same, the effective dates, named insured and coverages are the same. The affidavit also states that Kansas City is an affiliate of Encompass. No documents to contradict these assertions were offered by Ms. Colwart. Therefore, in our de novo review, we find the Encompass policy is a renewal policy written by an affiliate as provided for in the above cited law. Accordingly, the selection of lower limits executed for the first policy is valid as to the Encompass policy.
For the forgoing reasons, we find the trial court was correct in its judgment and we affirm it as rendered.

AFFIRMED.

. La. R.S. 22:1406 was re-designated as La. R.S. 22:680 by Acts 2003, No. 456, § 3. However, the text is the same.