PER CURIAM.
The appellants challenge an order by which their legal malpractice action against the appellees was dismissed with prejudice, as being barred by the statute of limitations. The malpractice action was based on the appellees’ legal representation in connection with two lawsuits. A summary judgment was entered in the first of those lawsuits, and in determining that the malpractice action is barred by the statute of limitations in section 95.11(4)(a), Florida Statutes, the court assumed that the two-year time for filing the malpractice action commenced when the summary judgment was entered. However, the limitations time did not commence until the summary judgment became final by expiration of the time for appeal. See Silvestrone v. Edell, 721 So.2d 1173 (Fla. 1998); Gaines v. Russo, 723 So.2d 398 (Fla. 3d DCA 1999). Because the malpractice action was filed within two years from that date, it was timely and should not have been dismissed.
The appealed order is reversed, and the case is remanded.
BARFIELD, ALLEN and HAWKES, JJ., concur.