ROBERT A. CHAISSON, Judge.
12Melvin Robinson appeals a judgment of the trial court granting Rockhill Insurance Company’s motion for summary judgment. For the reasons that follow, we affirm the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY

Melvin Robinson filed a petition for damages against Magnolia Management Corporation, Community Care Center of Destrehan d/b/a Ormond Nursing & Care Center, Maria Blanchard, and their insur *1032 er, Rockhill Insurance Company. In the petition, Mr. Robinson alleged that on June 7, 2012, while employed at Community Care Center, he was attending to a patient when his supervisor, Maria Blanchard, angrily ordered him out of the room. The petition further alleged that “suddenly, unexpectedly and without warning,” Ms. Blanchard grabbed Mr. Robinson by the arm and dragged him out of the room into the hallway, while she “verbally berated and belittled” him in the presence of his co-workers. Mr. |3Robinson claims that as a result of this incident, he “mentally and physically suffered and required extensive medical treatment.”
Rockhill Insurance Company thereafter filed a motion for summary judgment arguing that its policy did not provide any coverage for the claims brought by Mr. Robinson against Magnolia Management Corporation, Community Care Center, and Ms. Blanchard. In particular, Rockhill Insurance Company asserted that the policy excluded coverage for claims by one insured against another insured, Exclusion (0(16) and (C)(20); the policy excluded coverage for willful misconduct and malicious and criminal acts by an insured, Exclusion (C)(1); and the policy excluded coverage for claims involving employment practices, Exclusion (C)(ll). In opposition to the motion, Mr. Robinson argued that the policy was ambiguous and against public policy.
Following a hearing, the trial court granted the motion for summary judgment and dismissed Mr. Robinson’s claims against Rockhill Insurance Company. Mr. Robinson now appeals the trial court’s granting of the summary judgment. In particular, Mr. Robinson argues that the trial court erred in finding that the acts alleged in the petition constituted willful and malicious conduct by Ms. Blanchard; that the trial court erred in finding that Ms. Blanchard was an employee of Or-mond Nursing & Care Center and, thus, a named insured; and that the trial court erred in finding that the exclusion for employment practices precluded coverage for the actions of Ms. Blanchard. For the reasons that follow, we find no merit to these arguments and affirm the trial court judgment that granted Rockhill’s motion for summary judgment.

\ .DISCUSSION

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. Bell v. Parry, 10-369 (La.App. 5 Cir. 11/23/10), 61 So.3d 1, 2. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. LSA-C.C.P. art. 966(A)(2). The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with any affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B)(2). Summary judgments are favored in the law and the rules should be liberally applied. Alexander v. Parish of St. John the Baptist, 09-840 (La.App. 5 Cir. 3/23/10), 33 So.3d 999, 1003, writ denied, 10-1289 (La.9/17/10), 45 So.3d 1056.
Appellate courts review a judgment granting or denying a motion for summary judgment de novo. Thus, appellate courts ask the same questions the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Cutsinger v. Redfern, 08-2607 (La.5/22/09), 12 So.3d 945, 949.
The issue of whether an insurance policy, as a matter of law, provides or precludes coverage is a dispute that can *1033 be resolved properly within the framework of a motion for summary judgment. Colwart v. Encompass Indemnity Co., 07-79 (La.App. 5 Cir. 5/29/07), 961 So.2d 527, 529, writ denied, 07-1324 (La.9/28/07), 964 So.2d 869. Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage should be afforded. Romano v. Altentaler, 11-0303 (La.App. 1 Cir. 9/14/11), 77 So.3d 282, 284. An insurer seeking to avoid coverage through summary judgment bears the burden of proving that some provision or exclusion applies to preclude coverage. Russell v. Eye Associates of Northeast Louisiana, 46,525 (La.App. 2 Cir. 9/21/11), 74 So.3d 230, 234.
Having conducted a de novo review, we find that Rockhill Insurance Company met its burden of proving that the policy excluded coverage under the circumstances of this case. At the time of the incident, Rockhill Insurance Company issued a health care general liability policy to Magnolia Management Corporation. By endorsement, Community Care Center, d/b/a Ormond Nursing & Care Center, was an additional insured. The policy provided the following exclusion for claims by one insured against another insured:
C. Exclusions Applicable to All Insuring Agreements
As respects Insuring Agreement ... I.B., OCCURRENCE-BASED GENERAL LIABILITY, this Policy shall not apply to any Claim based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving:
[[Image here]]
16. Any Claim asserted by or on behalf of an Insured against another Insured; provided, however, that this Exclusion D.16 will not apply to preclude or limit coverage for an otherwise covered Claim based on, arising out of or in any way involving Peer Review;
[[Image here]]
20. Any Claim made by one Insured against another Insured, unless based on, arising out of or in any way involving Peer Review[J (emphasis in original)
|fiThe policy defines “insured,” in pertinent part, as the named insured as well as “any Employee, but only while acting within the scope of his/her duties as sueh[.]” The policy further states: “Employee means a person who has been hired by the Insured to perform services, and who has an assigned work schedule and appears on the regular payroll of the Insured, with applicable federal, state and local taxes withheld. Employee does not include an Independent Contractor.” (emphasis in original)
In the petition, Mr. Robinson alleged that he was employed by Community Care Center of Destrehan d/b/a Ormond Nursing & Care Center and “was attending to a patient inside his room.” Thus, Mr. Robinson was acting in the scope of his employment duties at the time of the incident and was insured under, the terms of the insurance policy. The policy specifically excludes coverage for any claim by one insured against another insured unless based on or arising out of peer review. There has been no allegation that the claims by Mr. Robinson, in any way, involve peer review. Thus, Mr. Robinson’s claims against Magnolia Management Corporation and Community Care Center are clearly excluded from coverage.
Mr. Robinson’s claims are also excluded with regard to Ms. Blanchard. He alleged *1034 in the petition that while he was attending to a patient, Ms. Blanchard, who was his supervisor and also an employee of the nursing home, angrily ordered him out of the room, grabbed him by the arm, dragged him into the hallway, and verbally berated and belittled him in the presence of his co-workers. Thus, Ms. Blanchard is also an insured under the policy, and coverage would be excluded. In his appellate brief, Mr. Robinson asserts that the trial court erred in finding that Ms. Blanchard was an employee of Ormond Nursing & Care Center and was acting within the course and scope of her employment at the time of the incident. 1 ^However, if we were to accept this argument, then Ms. Blanchard would not be an insured under the policy, and there would likewise be no coverage.
Based on our conclusion that Mr. Robinson’s claims are excluded as claims by one insured against another insured, it is unnecessary to determine whether Ms. Blanchard’s actions were willful and/or malicious or whether Ms. Blanchard’s actions were considered employment practices.
DECREE
Having found that Mr. Robinson’s claims are excluded as claims by one insured against another insured, we affirm the judgment of the trial court granting Rockhill’s motion for summary judgment and dismissing Mr. Robinson’s claims against Rockhill Insurance Company.

AFFIRMED.