GRAVOIS, J.
In this subrogation action, plaintiff/appellant, Geovera Specialty Insurance Company ("Geovera"), appeals a trial court judgment granting summary judgment in favor of defendant/appellee, Allstate Property and Casualty Insurance Company ("Allstate").[1] For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On August 2, 2014, David Hernandez, the minor son of Jose Servando Hernandez and Rosa Hernandez, was driving a 2012 Toyota Sienna van on Moss Drive in Laplace, St. John the Baptist Parish, Louisiana, when he crashed into and damaged the home of Justin and Courtney Johnson. Prior to the accident, David Hernandez was at the home of his aunt, Maritza Hernandez, and her husband, Mauricio Bendeck, who owned the van. At the time of the accident, David Hernandez did not have permission to operate the van.
On January 27, 2015, Geovera filed a petition for damages as subrogee of the Johnsons against Rosa Hernandez,[2] seeking reimbursement for the amounts paid under Geovera's homeowner's policy issued to the Johnsons. The petition alleged a claim of negligent entrustment. On August 6, 2015, Geovera filed an amended petition adding David Hernandez as a party to the suit. On October 15, 2015, a second amended petition was filed by Geovera adding Allstate as a defendant. The second amended petition alleged that Allstate is liable to Geovera pursuant to the following policies of insurance issued by Allstate: an automobile insurance policy providing coverage to Rosa Hernandez, a homeowner's insurance policy issued to Rosa Hernandez, and an automobile insurance policy for the vehicle driven by David Hernandez.[3]
On December 9, 2016, Allstate, as the homeowner's insurer for Jose S. and Rosa *466 Hernandez,[4] filed a motion for summary judgment on the grounds that the homeowner's policy in question excludes coverage for property damage arising out of "the ownership, maintenance, use , occupancy, renting, loaning, entrusting, loading or unloading of any motor vehicle or trailer." (Emphasis added.) Allstate argued that the property damages Geovera alleges it paid under its policy of homeowner's insurance arose from David Hernandez's unauthorized use of a motor vehicle, and thus the Allstate homeowner's policy expressly excludes Geovera's claims for damages.[5]
In opposition, Geovera argued that Allstate wrote and issued both automobile and homeowners policies to Jose S. and Rosa Hernandez. Geovera showed that the automobile policy covers permissive use and excludes "use" without permission. Geovera reasoned that because of this, it would be reasonable that the automobile exclusion in the homeowner's policy only included permissive "use" otherwise covered under the auto policy. If it didn't, Geovera argued, then there would be a gap in coverage, i.e. , there would be no coverage at all under either policy for non-permissive use of the vehicle. Geovera contended that the term "use" in the homeowner's policy could be construed as providing coverage for use with permission, use without permission, or both. Geovera argued that this renders the term "use" ambiguous, and thus, the policy should be construed in favor of the insured so as to provide coverage.
Following a hearing on March 8, 2017, the trial court issued a judgment on April 21, 2017 granting Allstate's motion for summary judgment and dismissing the claims against it regarding the homeowner's policy in question with prejudice. In its written reasons for judgment, the trial court found that the term "use" in the homeowner's policy was not ambiguous. The trial court found that the word "use" in the homeowner's policy is "reasonably understood as the operation of a vehicle and no differentiation between use with and without permission is warranted given the plain meaning of the policy." Having found the insurance policy unambiguous, the trial court noted that it did not consider the wording of the automobile policy, as such is extrinsic evidence not contained within the body of the homeowner's policy.
This timely appeal followed.
*467 LAW AND ANALYSIS
A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine issue of material fact. Pouncy v. Winn-Dixie La., Inc. , 15-189 (La. App. 5 Cir. 10/28/15), 178 So.3d 603, 605. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). It shall be construed to accomplish these ends. Id. After an opportunity for adequate discovery, summary judgment shall be granted if the motion, memorandum, and supporting documents, including the pleadings, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations and admissions, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3) and (4).
The initial burden is on the mover to show that no genuine issue of material fact exists. If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. The non-moving party must then produce factual support to establish that he will be able to satisfy his evidentiary burden at trial. La. C.C.P. art. 966(D). If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. Pouncy , supra .
Appellate courts review a judgment granting or denying a motion for summary judgment de novo , using the same criteria that governs the trial court's determination of whether a summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Bernard v. Ellis , 11-2377 (La. 7/2/12), 111 So.3d 995, 1002.
The issue of whether an insurance policy, as a matter of law, provides or precludes coverage is a dispute that can be resolved properly within the framework of a motion for summary judgment. Robinson v. Rockhill Ins. Co. , 13-860 (La. App. 5 Cir. 4/23/14), 139 So.3d 1031, 1032-1033. Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage should be afforded. Id. at 1033. An insurer seeking to avoid coverage through summary judgment bears the burden of proving that some provision or exclusion applies to preclude coverage. Id.
An insurance policy is a contract between the parties and has the effect of law between them. Davis v. Scottsdale Ins. Co. , 13-255 (La. App. 5 Cir. 10/30/13), 128 So.3d 471, 475. The interpretation of an insurance contract is nothing more than a determination of the common intent of the parties. Doerr v. Mobil Oil Corporation , 00-0947 (La. 12/19/00), 774 So.2d 119, 124 ; La. C.C. art. 2045. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art. 2046. Words and phrases in an insurance policy are to be construed using their plain, ordinary, and generally prevailing meaning, unless the words have acquired a technical meaning. La. C.C. art. 2047 ; Doerr , 774 So.2d at 124. If the contract cannot be construed simply, based on its language, because of an ambiguity, the court may look to extrinsic evidence to determine the parties' intent. Id.
The purpose of liability insurance is to afford the insured protection for *468 damage claims. Policies therefore should be construed to effect, and not to deny, coverage. Thus, a provision which seeks to narrow the insurer's obligation is strictly construed against the insurer, and if the language of the exclusion is subject to two or more reasonable interpretations, the interpretation which favors coverage must be applied. Reynolds v. Select Properties, Ltd. , 93-1480 (La. 4/11/94), 634 So.2d 1180, 1183. However, subject to the above rules of interpretation, insurance companies have the right to limit coverage in any manner they desire, so long as the limitations do not conflict with statutory provisions or public policy. Id. The rule of strict construction does not authorize a perversion of language or the exercise of inventive powers for the purpose of creating an ambiguity where none exists. Doiron v. Louisiana Farm Bureau Mut. Ins. Co. , 98-2818 (La. App. 1 Cir. 2/18/00), 753 So.2d 357, 363.
On appeal, Geovera argues that the term "use" in the automobile exclusion of the homeowner's policy is ambiguous because it can be construed to be use with or without permission, or both. Geovera asserts that since the automobile policy issued by Allstate provides coverage only if there is a "use" with permission, the term "use" in the automobile exclusion in the homeowner's policy should be likewise construed such that non-authorized use of a non-owned vehicle would be covered. According to Geovera, if found otherwise, there would be a gap in the coverage provided by both policies.
The Allstate homeowner's policy in question provides, in pertinent part:
General
Definitions Used In This Policy
1. "You" or "your" - means the person named on the Policy Declarations as the insured and that person's resident spouse.
2. "Allstate" "we" "us" or "our" - means the company named on the Policy Declarations.
3. "Insured person(s)" - means you and, if a resident of your household:
a) any relative; and
b) any dependent person in your care.
Under Coverage X-Family Liability Protection and Coverage Y-Guest Medical Protection, "insured person" also means:
c) any person or organization legally responsible for loss caused by animals or watercraft covered by this policy which are owned by an insured person. We do not cover any person or organization using or having custody of animals or watercraft in any business, or without permission of the owner.
d) with respect to the use of any vehicle covered by this policy, any person while using the vehicle with your consent.
* * *
Section II - Family Liability and Guest Medical Protection
Coverage X
Family Liability Protection
Losses We Cover Under Coverage X:
Subject to the terms, conditions and limitations of this policy, Allstate will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies, and is covered by this part of the policy.
We may investigate or settle any claim or suit for covered damages against an insured person, regardless of the amount of damages sought. If an insured person is sued for covered damages, we will provide a defense with *469 counsel of our choice, even if the allegations are groundless, false or fraudulent. We are not obligated to pay any claim or judgment after we have exhausted our limit of liability by the payment of judgments or settlements.
Losses We Do Not Cover Under Coverage X:
* * *
5. We do not cover bodily injury or property damage arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any motor vehicle or trailer. (Emphasis added.) However, this exclusion does not apply to:
[The enumerated exceptions to the exclusion are not pertinent herein.]
Upon de novo review, we find that the term "use" in the subject homeowner's policy is unambiguous and should be applied as written. The automobile exclusion of the homeowner's policy functions to broadly exclude coverage for bodily injury and property damage "arising out of the ... use ... of any motor vehicle." The policy is not made ambiguous simply because Allstate did not specify if the "use" of any motor vehicle is with or without permission. This limitation of "use" does not conflict with any statutory provisions or public policy and therefore is enforceable as written. See Reynolds , supra .
Geovera relies heavily on the argument that because Allstate also issued an automobile policy that excluded coverage for "use" of a vehicle without permission, then the term "use" of a motor vehicle in the automobile exclusion of the homeowner's policy should be construed to only exclude "use" of a vehicle with permission. Otherwise, it argues, there would be a gap in the coverage provided by both policies. We find, however, after being able to simply construe the homeowner's policy based on the language of the policy, we need not consider any extrinsic evidence. See Doerr , supra , 774 So.2d at 124. Therefore, the terms of the Allstate automobile policy are not considered in this analysis.
David Hernandez was a resident of Jose S. and Rosa Hernandez's household, and thus was an "insured person" under the policy. It is undisputed, as alleged in Geovera's petition, that David Hernandez was driving the vehicle when he lost control and crashed into the Johnsons' home. The Louisiana Supreme Court found in Edwards v. Horstman , 96-1403 (La. 2/25/97), 687 So.2d 1007, 1012, for conduct to constitute "use" of an automobile, that conduct must be essential to the defendant's liability and the specific duty breached by the insured must flow from the use of the automobile. Here, it is undisputed that David Hernandez's use of the automobile resulted in the property damage to the Johnsons' home. His use of the vehicle was an essential element of the case, and a duty was breached by his failure to operate the vehicle in a prudent manner.
In conclusion, we find that Allstate met its burden of proving that the claims brought by Geovera fall within the automobile exclusion of the subject homeowner's policy, and thus, the trial court properly granted Allstate's motion for summary judgment. Considering the foregoing, we find that no genuine issue of material fact remains and that Allstate is entitled to judgment as a matter of law. Geovera's arguments on appeal are without merit.
CONCLUSION
For the foregoing reasons, the trial court's judgment granting Allstate's motion for summary judgment is affirmed.
AFFIRMED

Although the judgment under review was granted in favor of "Allstate Property and Casualty Insurance Company," the record reflects that the motion for summary judgment in question was actually filed by "Allstate Indemnity Company." All of the various Allstate entities named and identified in various places in the record will simply be referred to herein as "Allstate."

The petition erroneously named Rosa Hernandez as David Hernandez's grandmother and owner of the van.

A suit was also filed by the Johnsons against Rosa Hernandez, Maritza Hernandez, and Allstate. On March 7, 2016, this suit was consolidated with the present suit. Three motions for summary judgment were then filed in these consolidated cases. First, on June 13, 2016, Allstate, as the automobile liability insurer of Maritza Hernandez, filed a motion for summary judgment on the grounds that its policy did not provide coverage to David Hernandez at the time of the accident. On July 8, 2016, Maritza Hernandez, individually, filed a motion for summary judgment on the grounds that David Hernandez took the car without permission and there was no evidence of any negligent entrustment on her part. Finally, on July 15, 2016, Allstate, as the automobile liability insurer of Jose S. and Rosa Hernandez, filed a motion for summary judgment on the grounds that its policy did not afford coverage since David Hernandez did not have either express or implied permission to drive the vehicle. After a hearing on August 23, 2016, the trial court granted in part the summary judgment filed by Allstate regarding the automobile policy issued to Maritza Hernandez. By judgment on August 24, 2016, the trial court granted in part the motion for summary judgment filed by Maritza Hernandez and granted in part the motion for summary judgment filed by Allstate, as liability insurer regarding the automobile policy issued to Jose S. and Rosa Hernandez.

The record reflects that Jose is actually the named insured on this homeowner's policy.

Additionally, Allstate argued that the policy excludes any claims that the damages arose out of Rose Hernandez's vicarious liability for the entrusting of a motor vehicle to David Hernandez and the vicarious liability for David Hernandez's alleged negligence, matters which are not at issue in this appeal.